KEVIN E. LUCEY, OSB #92379
1412 American Bank Building
621 SW Morrison St.
Portland OR 97205
Telephone:  503/222-7178
klucey22@yahoo.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HAO XENG VANG,                                          Case No. CV 09-928-BR

          Plaintiff,

           v.                                   FIRST AMENDED COMPLAINT

CITY OF BEAVERTON and
JASON BUELT,
                                   Jury Demanded

          Defendants.

Plaintiff alleges:

FACTS COMMON TO ALL CLAIMS FOR RELIEF

1.

      Plaintiff brings his Oregon common law claims pursuant to the Oregon Tort

Claims Act, ORS 30.260 *et seq.*  Plaintiff has complied with the Oregon Tort Claims Act by

notifying defendants of his intent to sue within 180 days of plaintiff's loss alleged herein.

Page 1 – FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax:  503-273-8842

2.

Defendant City of Beaverton is a duly organized city under Oregon law, ORS Chapters 221- 227, and is a public body liable for the tortious conduct of its agents and employees pursuant to ORS 30.260(4) and 30.265(1).  Beaverton Police Department employees are employees of defendant City of Beaverton.  All employees of the City of Beaverton herein were acting within the course and scope of their employment at all times material to this Complaint.

3.

On all claims under 42 USC §1983, all City of Beaverton employees herein were acting under color of law and plaintiff is entitled to his reasonable attorney fees incurred herein pursuant to 42 USC §1988.

4.

On or about August 27, 2008, plaintiff witnessed a friend being detained by Beaverton Police Department officers outside of the Valley Lanes Bowling Center in an area open to the public.  Plaintiff believed that there was no justification for the detention and began to record the events using his cell phone.  As plaintiff made video recordings of the detention and subsequent arrest of another of his friends, he narrated the event using the audio recording capabilities of his cell phone.  Plaintiff's cell phone was unconcealed during the time of the recording.

5.

The Beaverton police officers allowed plaintiff to record the events that evening for about ten minutes.  After ten minutes, officer Jason Buelt seized plaintiff's cell phone, arrested plaintiff and charged him with violating ORS 165.543 (Interception of

Page 2 – FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax:  503-273-8842

Communications).  The police lodged plaintiff in the Washington County jail.

6.

On or about August 28, 2008, Washington County released plaintiff from jail.
However, the Beaverton Police Department did not return plaintiff's cell phone to him at that
time.  By reason and belief, the Beaverton Police Department searched plaintiff's cell phone
without a warrant and without his consent while it was in their custody.  On or about September
8, 2009, the City of Beaverton issued a "no complaint" in the criminal case against plaintiff.

7.

On or about October 22, 2008, the Beaverton Police Department finally released
plaintiff's cell phone to plaintiff.  At that time plaintiff learned that audio and video files
containing the recording of the arrest had been deleted from his cell phone.  By reason and
belief, the person who deleted this file was Beaverton Police Officer Jason Buelt.  Officer Buelt
deleted the file on or about October 13, 2008.

8.

Oregon Revised Statute 165.543(1), the statute that plaintiff was arrested for
violating, provides that, "any person who willfully intercepts, attempts to intercept or procures
any other person to intercept or attempt to intercept any wire or oral communication where such
person is not a party to the communication and where none of the parties to the communication
has given prior consent to the interception, is guilty of a Class A misdemeanor."  Oregon
Revised Statute 165.543(2) provides that an "oral communication" has the meaning given in
ORS 133.721.  Oregon Revised Statute 133.721(7)(a) defines "oral communication" as "any oral
communication…uttered by a person exhibiting *an expectation that such communication is not
subject to interception* under circumstances justifying such expectation."  Oregon Revised

Page 3 – FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax:  503-273-8842

Statute 133.721(5) clarifies that "interception means the acquisition, by listening or recording, of the contents of any…oral communication through the use of any electronic, mechanical or other device." Therefore, in order for an "interception" of an "oral communication" to be a violation of ORS 165.543, the parties to the conversation being intercepted must have had a reasonable expectation of privacy.

9.

The officers detaining and arresting plaintiff's friends on or about August 27, 2008, did not have a reasonable expectation of privacy as to their statements (made during the arrest of plaintiff's friend) that plaintiff may have recorded with his cell phone. The arresting officers knew that they did not have a reasonable expectation of privacy as to statements made aloud and in a public place.

FIRST CLAIM FOR RELIEF – NEGLIGENCE – COUNT ONE
(Against defendant City of Beaverton only)

10.

Defendant City of Beaverton has a duty to provide ongoing training to its police officers on the laws of the State of Oregon that its officers enforce and changes or clarifications of those laws. By reason and belief, the City regularly supplies such training to its police officers. Furthermore, it is reasonably foreseeable that if the officers do not receive such training, they will make mistakes as to what comprises a violation of the law. By reason and belief, the City of Beaverton failed to train its police officers on the requirement of a reasonable expectation of privacy by the parties to a conversation being recorded by a third party before a violation of ORS 165.543 occurs. Further, by reason and belief, the arresting officers were ignorant of this requirement and as result arrested and jailed plaintiff without probable cause existing to believe that plaintiff had violated the statute.

Page 4 – FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842

11.

As a result of this negligence, plaintiff incurred economic damages of $925 in attorney fees to defend himself against these charges and $500 in future attorney fees to set aside the record of his arrest, and economic damages in the amount of $2,102 for medical bills.  As a further result of this negligence, plaintiff suffered the loss of his liberty and concomitant emotional distress to his noneconomic damage of $60,000.  As a further result of this negligence, plaintiff lost the use of his cell phone for approximately 57 days and suffered the illegal search thereto to his noneconomic damage of $20,000.

## FIRST CLAIM FOR RELIEF – NEGLIGENCE – COUNT TWO
(Against defendant City of Beaverton only)

12.

Plaintiff realleges paragraph 11, above.

13.

Defendant City of Beaverton's employees' arrest of plaintiff without probable cause constituted negligence.

## SECOND CLAIM FOR RELIEF – FALSE ARREST – COUNT ONE
(Against defendant City of Beaverton only)

14.

In order to violate ORS 165.543, a person must "willfully" intercept another party's oral communication.  Plaintiff was attempting to record his own voice as he narrated the video recording of the arrest.  Plaintiff did not willfully intercept the officers' oral communications.  By reason and belief, the arresting officers could see and hear plaintiff talking into his cell phone and therefore knew he was attempting to record his own voice rather than

Page 5 – FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax:  503-273-8842

attempting to intercept the officer's oral communications.  The arresting officers lacked probable cause to arrest plaintiff for violating ORS 165.543.

15.

The arresting police officers intentionally confined plaintiff during the course of the arrest and intentionally caused him to be jailed.  Plaintiff was aware of his confinement.

16.

As a result of this false arrest, plaintiff suffered the damages alleged in paragraph 11, above.

SECOND CLAIM FOR RELIEF – FALSE ARREST – COUNT TWO
(Against defendant City of Beaverton only)

17.

Plaintiff realleges paragraph 15, above.

18.

Because the arresting officers lacked a reasonable expectation of privacy as to their words spoken aloud while questioning and arresting plaintiff's friend, those same police officers lacked probable cause to believe that plaintiff had violated ORS 165.543.  As a result of this false arrest, plaintiff suffered the damages alleged in paragraph 11, above.

THIRD CLAIM FOR RELIEF – CONVERSION
(Against defendant City of Beaverton only)

19.

Plaintiff realleges paragraph 14 above.

20.

Plaintiff was the lawful owner of the cell phone and was entitled to its possession. The arresting officers seized plaintiff's phone without probable cause to believe a crime had been

Page 6 – FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax:  503-273-8842

committed, without a warrant or an exception to the warrant requirement.  The arresting officers

intentionally exercised dominion and control over plaintiff's property when they seized

plaintiff's cell phone, when they searched it without a warrant and when officer Buelt deleted a

file from plaintiff's phone.  As a result, plaintiff was denied use and access to his property for

approximately 57 days and lost the original audio and video file the officer Buelt destroyed.

Plaintiff was damaged by the exercise of dominion and control over his phone by defendant City

of Beaverton, by the illegal search of that phone and by the destruction of audio and video files

on the phone in the amount of $20,000.

FOURTH CLAIM FOR RELIEF - 42 USC § 1983 – COUNT ONE
(Against defendant Buelt only)

21.

Plaintiff realleges paragraph 14, above.

22.

On or about August 27, 2008, defendant Buelt intentionally seized and searched

plaintiff's phone without probable cause.  Defendant Buelt deprived plaintiff of a right,

privileged or immunity secured by the First, Fourth and Fourteenth Amendments to the United

States Constitution.

23.

As a result of the violation of plaintiff's constitutional rights, plaintiff suffered

noneconomic damages of $10,000.

FOURTH CLAIM FOR RELIEF- 42 USC § 1983 – COUNT TWO
(Against defendant Buelt only)

24.

Plaintiff realleges paragraphs 14, above.

Page 7 – FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax:  503-273-8842

25.

Defendant Buelt intentionally deleted the audio and video file from plaintiff's cell phone on or about October 13, 2008, before returning the phone to plaintiff.  Defendant Buelt thereby deprived plaintiff of a right, privileged or immunity secured by the First, Fourth and Fourteenth Amendments of the United States Constitution.

26.

As a result of the violation of plaintiff's constitutional rights, plaintiff suffered damages of $5,000.

WHEREFORE,

On plaintiff's first claim for relief, counts one and two, which are prayed for in the alternative, plaintiff prays for a judgment against the City of Beaverton for $80,000 in noneconomic damages, $3,027 in economic damages, $500 in future economic damages and for his costs and disbursements incurred herein.

On plaintiff's second claim for relief, counts one and two, which are prayed for in the alternative to each other and to the first claim for relief, plaintiff prays for a judgment against the City of Beaverton for $80,000 in noneconomic damages, $3,027 in economic damages, $500 in future economic damages and for his costs and disbursements incurred herein.

On plaintiff's third claim for relief, plaintiff prays for a judgment against the City of Beaverton for $10,000 in noneconomic damages and for his costs and disbursements incurred herein.

On plaintiff's fourth claim for relief, count one, plaintiff prays for a judgment against Jason Buelt for $10,000 in noneconomic damages, his reasonable attorney fees and for his costs and disbursements incurred herein.

Page 8 – FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax:  503-273-8842

On plaintiff's fourth claim for relief, count two, plaintiff prays for a judgment against defendant Buelt for $5,000 in noneconomic damages, his reasonable attorney fees and for his costs and disbursements incurred herein.

On all claims and counts plaintiff prays for any other relief the court deems equitable.

DATED this _____ day of November, 2009.


Respectfully submitted by:

_____
KEVIN E. LUCEY, OSB #92379
Attorney for Plaintiff
503-222-7178, fax 503-273-8842

Page 9 – FIRST AMENDED COMPLAINT

Kevin E. Lucey, #92379
1412 American Bank Bldg.
621 SW Morrison St.
Portland, Oregon 97205
Tele: 503-222-7178
Fax: 503-273-8842